No. 3645

**Second Circuit**

——

MERIWETHER SUPPLY CO., INC., v. ROY

——

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

——

Cook & Cook, of Shreveport, attorneys for plaintiff, appellant.

James L. Dormon, of Shreveport, attorney for defendant, appellee.

WEBB, J. In this action plaintiff sought to recover judgment against defendant in the sum of $714.11, with legal interest from November 1, 1927, for building material alleged to have been sold defendant in October, 1927.

The material which was used by defendant in constructing a building on premises owned by him, with the exception of cement, brick, and sand, invoiced at $16.40, consisted of "Celotex," a wall board to be placed on the partition walls and ceilings, and material to be used in laying the material. There was not any contest relative to the amount of the bill, but defendant alleged that at the time he agreed to use Celotex, he had informed plaintiff's representative that the studding and ceiling joists had been placed in the building with the view of using plastering or lumber on the walls and ceilings, and that Celotex would not be suitable; that plaintiff's representative had insisted upon defendant using Celotex, and had guaranteed the work would be satisfactory, if defendant would permit plaintiff to select the workmen to put the material in the building. That defendant had, under the guarantee, agreed to use Celotex and had employed workmen designated by plaintiff, who had supervised the work.

Defendant further alleged that the material as applied was worthless, and would have to be removed at an expense of $80, and that he had paid the workmen $413.07 for laying the material, and that he should have judgment against defendant in reconvention for the amount which it would cost to remove the material, and amount paid to the workmen. He prayed that plaintiff's demand be rejected, and for judgment against defendant in reconvention for the amount stated.

On trial judgment was rendered rejecting the demands of both parties at plaintiff's cost, and plaintiff appeals, urging that the evidence established the material, Celotex, was suitable for the purpose for which it was sold; that there were not any defects in the material, and that any defects in the work were due to the workmanship, for which plaintiff was not responsible.

There cannot be any doubt that the plaintiff was entitled to judgment for the price of the cement, brick, and sand, or $16.40, and as the evidence does not establish that the material, Celotex, was defective or not suitable for the purpose for which it was sold, we are of the opinion that plaintiff should recover, unless the evidence established that the workmanship was bad, and that plaintiff was responsible for the defective workmanship.

There was some conflict in the evidence relative to the workmanship, which did not, however, show that the work was useless, but conceding that the workmanship was defective, it is shown that defendant knew the plaintiff was not engaged in the contracting business, and was merely a dealer in building material, and the evidence further showing that defendant employed and paid the workmen who placed the material in the building, which was constructed by defendant on his own premises, and that the material was suitable, the testimony of defendant and his agent that plaintiff's representa-

tive had guaranteed the work, which was denied by the latter, was not sufficient, we think, to show that plaintiff was responsible for the workmanship.

Certainly there could not be any presumption that one in insisting on a builder purchasing material from him warrants more than the quality of the material, or at most, that the material is suitable for the purpose for which it is to be used. But even though it should be implied that the seller, when he agrees to recommend workmen to lay the material, warrants their workmanship, in the present instance the evidence shows that the workmanship of the only workman recommended by plaintiff was satisfactory, and that the complaint made as to the workmanship was of that done by other workmen, who had charge of the work after the workman recommended by plaintiff had left the work.

Aside from this the evidence shows that defendant was fully advised that it would be necessary that the studding should be rearranged before the material was placed thereon, and that he had been shown buildings in which the material was used, and the evidence does not indicate that it required an expert to lay the material, but only a careful workman. And defendant, who saw the work as it was being done, having paid the workmen without any complaint of their work, cannot hold plaintiff responsible for their defective workmanship in laying the material.

The judgment appealed from is therefore annulled and avoided, and it is now ordered, adjudged and decreed that plaintiff have and recover judgment against defendant in the sum of $714.11, with legal interest thereon from November 1, 1927, and all costs of suit.

DREW, J., recused.