YARRUT, Judge.
This is an appeal by plaintiff from a judgment denying it recovery, as subrogee, for loss sustained by its insured, Frank Adolph.
Plaintiff insured Adolph’s residence ini Jefferson Parish under what is designated as a “comprehensive dwelling policy.” As-the result of water damage sustained by Adolph, plaintiff paid his loss of $2,182.25, and became subrogated to whatever claim. Adolph might have against defendant.
On June 8, 1957, Adolph employed defendant to clean certain underground drain, pipes leading from his residence (101 Sycamore Drive) to Metairie Road, a distance of 50 or 60 feet. Defendant cleaned the pipes, as explained later, was promptly paid $28.00 therefor by Adolph, and ob *608 tained a receipt from Adolph that the work was satisfactory. The work was necessary because the drain was clogged with leaves and similar debris and caused water to back up into the house.
On June 23, 1937, as the result of heavy rains and wind accompanying a terrific hurricane, unpopularly known as “Audrey,” water entered Adolph’s home and caused the damage for which recovery is sought here.
Plaintiff contends the water damage was due to the failure of defendant to properly clean the drain pipes. The defendant denies this, and contends that Adolph on many occasions suffered wall, curtain and floor leaks from roof or underground seepage.
Adolph is an experienced builder, having built his home in 1950. From that time until he employed defendant, on June 8, 1957, he was plagued with wet floors, dripping water from the soffit or area high on the walls or from the roof, due to some undetermined vice or defect in construction. Concluding that the flooding was due to a clogged subsurface drain, he employed defendant to clean the subsurface drain in question.
Defendant operated a nationally franchised service designed to clean underground pipes and drains. The equipment used consisted of a long pipe, at the head of which were sharp rotary blades or cutters to grind all leaves or debris on its way through the drain pipe being cleaned.
The instrument has approximately the same diameter as the drain. When inserted in the drain pipe it is permitted to cut through the entire length. A gadget, similar to a doctor’s stethoscope was used to determine whether the instrument was cutting properly. At the same time a high speed jet of water was run through the drain pipe to wash out the ground leaves and debris. Adolph supervised and approved the entire operation, from beginning to end, which took about an hour. It seems clear to us, as it did to the District Judge, who observed a demonstration in court, that when defendant completed his operation the drain was clear of all debris. The best evidence of this is that Adolph, the experienced builder and owner, present and overseeing the work, thought the drain was properly cleaned, since he gave a clear receipt and paid the cost. If he were not satisfied, he should have insisted that the drain be again flushed.
Contrariwise, after hurricane “Audrey” struck her vicious blow two weeks later, a workman, who had been employed by Adolph to examine the drain, testified he found leaves and debris in an elbow joint of the drain pipe. From this plaintiff concludes that defendant did not properly clean the drain.
Since Adolph approved defendant’s work, the burden was upon him or his subrogee to prove that the presence of the leaves and debris, two weeks later, after Audrey’s vicious blow, was due to defendant’s improper work, and not to intervening causes. We conclude, as the trial Court must have done, that much of Adolph’s damage preexisted defendant’s work, and thereafter was aggravated and increased by hurricane “Audrey”, and that plaintiff’s payment to Adolph was because of windstorm coverage under its “comprehensive dwelling policy.”
Since Adolph accepted and approved defendant’s work after completion, defendant cannot be held liable without proof of defective work or material, the burden of which rested upon Adolph as owner. LSA-C.C. art. 2769. Draube v. Rieth d/b/a Rieth Construction Co. and American Employers Ins. Co., La.App., 114 So.2d 879; Meriwether Supply Co. v. Roy, 16 La.App. 161, 133 So. 465.
The judgment of the District Court is affirmed, plaintiff-appellant to pay all costs.
Judgment affirmed.